UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CONERLY, et al.,<br><br>            Plaintiffs,<br><br>    v.<br><br>HON. JOHN P. WINN, et al.,<br><br>            Defendants. | No. 2:20-cv-01833 JAM AC PS<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiffs are proceeding in this action pro se. This proceeding was referred to the undersigned by Local Rule 302(c)(21). Plaintiffs have paid the filing fee, and new civil case documents have issued. ECF No. 3. Upon review of the complaint, the undersigned concludes that the court lacks subject matter jurisdiction to hear this case and recommends that it be dismissed.

**I. The Complaint**

Plaintiffs Carina Conerly and her parents Marilyn Tillman-Conerly and James Conerly are suing Judge John Patrick Winn of the Superior Court of California, Sharif Roldan Tarpin, and Kiana Turner for alleged constitutional violations related to custody orders involving a minor child. ECF No. 1 at 2. Plaintiffs assert their basis for jurisdiction is 28 U.S.C. §1331, federal question jurisdiction. The facts alleged are as follows.

On August 27, 2020, Judge Winn issued an order which impacted plaintiffs Carina

Conerly, James Conerly, and Marilyn Tillman-Conerly in the care of minor child M.T.  ECF No. 1 at 3.  The order stated in relevant part that "All exchanges shall take place in the parking lot of South Natomas Library and Park on Truxel Road in Sacramento.  There shall be no videotaping of this report, shall remain in full force and effect." Id.  On July 11, 2020, M.T. was in the custody of her father, defendant Sharif Roldan Tarpin, and defendant Kiana Turner, when M.T. was severely injured.  Id.  Defendants failed to take M.T. to the emergency room.  Id.  Plaintiffs allege that when they went to pick M.T. up, defendant Tarpin was acting strangely.  Id.  They allege plaintiff Turner put coconut oil in M.T.'s hair knowing that Carina Conerly was allergic to coconut.  Id.  Plaintiffs allege that Turner provided her vehicle to Tarpin to use because his smelled of marijuana.  Id.  They further assert that Turner assisted Tarpin in covering up injuries to M.T. and inadequacies related to M.T.'s living arrangements.  Id.  Plaintiffs assert that without prompting, M.T. consistently asks not to go with Tarpin and is sad when she is dropped off with him.  Id.

Plaintiffs allege that Judge Winn is assisting Turner and Tarpin.  Id.  Judge Winn consistently orders plaintiffs to turn over M.T. to Tarpin and Turner.  Id.  They claim that Judge Winn is violating their First Amendment rights to free speech and due process by not allowing the videotaping of exchanges of M.T.  Id.  Plaintiffs allege the court hearings in front of Judge Winn violate their rights because Judge Winn refuses to recuse himself and he continually discredits the testimony of James Conerly and Marilyn Tillman Conerly about Sharif Tarpin.  Id.  On several occasions, Judge Winn refused to allow plaintiffs to testify.  Id. at 3-4.

Plaintiffs assert their right to free speech under the First Amendment and their right to Due Process under the Fourteenth amendment have been violated by defendants, particularly their right to videotape in public.  Id. at 5.  They ask the court to force Judge Winn to recuse himself from Carina Conerly's case and for disciplinary action to be taken against him.  Id.  Plaintiffs seek damages in the amount of $1,000,000 from each defendant and "moreover all existing orders involving the Carina Conerly v. Sharif Tarpin be [(missing word)]." Id. at 5.  The court presumes, based on the contents of the complaint, that plaintiffs wish the orders to be vacated.

////

2

## II.  Analysis

### 1.  Sua Sponte Dismissal for Lack of Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction; a federal court generally has jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.  See 28 U.S.C. §§ 1331, 1332(a).  Absence of subject matter jurisdiction requires a federal court to dismiss a case.  See Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999) (recognizing that "Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case").  Thus, "a court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action."  Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002).  The "presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

### 2.  This Case is Barred by the Rooker-Feldman Doctrine

Although plaintiffs' complaint is cast as involving violations of federal law, it is clear from the content of the complaint and the remedies sought (specifically, the recusal of the judge overseeing the relevant child custody action and the apparent desire to have existing orders overturned) that they are essentially seeking to appeal state court judgments regarding child custody obligations.  See Cooper v. Ramos, 704 F.3d 772, 777–78 (9th Cir. 2012) ("To determine whether an action functions as a de facto appeal, we pay close attention to the relief sought by the federal-court plaintiff.").  The court does not have jurisdiction to hear such a case.

The Rooker-Feldman doctrine[1] prohibits federal district courts from hearing cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection

---

[1]  See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). To determine if the Rooker-Feldman doctrine bars a case, a court must first determine if the federal action contains a forbidden de facto appeal of a state court judicial decision. Noel v. Hall, 341 F.3d 1148, 1156 (9th Cir. 2003). If it does not, "the Rooker-Feldman inquiry ends." Bell v. City of Boise, 709 F.3d 890, 897 (9th Cir. 2013). If a court determines that the action is a "forbidden de facto appeal," however, the court cannot hear the de facto appeal portion of the case and, [a]s part of that refusal, it must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision." Noel, 341 F.3d at 1158; see also Bell, 709 F.3d at 897 ("The 'inextricably intertwined' language from Feldman is not a test to determine whether a claim is a de facto appeal, but is rather a second and distinct step in the Rooker-Feldman analysis."). A complaint is a "de facto appeal" of a state court decision where the plaintiff "complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court." Noel, 341 F.3d at 1163.

In seeking a remedy in which this court invalidates a state court decision and amends the state court record, and removes a judge, plaintiffs are clearly asking this court to "review the final determinations of a state court in judicial proceedings," which is at the core of Rooker-Feldman's prohibition. In re Gruntz, 202 F.3d 1074, 1079 (9th Cir. 2000). Requests to vacate family court orders are generally considered de facto appeals. Riley v. Knowles, No. 1:16-CV-0057-JLT, 2016 WL 259336, at *3 (E.D. Cal. Jan. 21, 2016). Requests to a federal court to reverse the outcomes of family law disputes, such as divorce proceedings or child custody determinations, are generally treated as de facto appeals generally barred by Rooker-Feldman. Moore v. County of Butte, 547 Fed. Appx. 826, 829 (9th Cir. 2013). Therefore, plaintiff's action constitutes a "forbidden de facto appeal" and the court lacks subject matter jurisdiction to hear the case. The case must be dismissed in its entirety.

3. Judge Winn is Absolutely Immune from Suit

Even if the Rooker-Feldman doctrine did not deprive this court of subject matter jurisdiction, the court notes that it does not have the power to remove a state court judge from a case or punish a state court judge for their judicial opinions. Judges are absolutely immune from

4

suit where, as here, they are sued for their judicial actions. Mireles v. Waco, 502 U.S. 9, 11–12 (1991) (per curiam) (citing Forrester v. White, 484 U.S. 219, 227–229 (1988) and Stump v. Sparkman, 435 U.S. 349, 356–57 (1978)); Lonneker Farms, Inc. v. Klobucher, 804 F.2d 1096, 1097 (9th Cir.1986) (judge enjoys absolute judicial immunity when sued for actions that "were judicial in nature and were not done in clear absence of all jurisdiction"). Plaintiff's complaint against Judge Winn is based entirely on his judicial decisions. Thus, based on the facts alleged, plaintiff's complaint against Judge Winn necessarily fails and must be dismissed.

### III. Conclusion

Accordingly, the undersigned recommends that this case be DISMISSED for lack of subject matter jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998), as amended on denial of reh'g (Nov. 24, 1998); Martinez v. Ylst, 951 F.2d 1153, 1156–57 (9th Cir. 1991)

DATED: September 15, 2020

*[signature]*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE